# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**LEIGH ANN WATKINS,**

    Plaintiff,

vs.

Case No.: _____

**METROPOLITAN LIFE INSURANCE COMPANY,**

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Leigh Ann Watkins (hereinafter "**Plaintiff**" or "**Ms. Watkins**"), by and through her attorneys, and for her Complaint against Defendant Metropolitan Life Insurance Company (hereinafter "**Defendant**" or "**MetLife**"), states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of Deloitte LLP's Long Term Disability Plan and corresponding insurance policy (**Policy No.: 33458-G-LTD**) (hereinafter the "**Plan**" and the "**Policy,**" respectively); which was (and is) underwritten, administered, and/or managed by MetLife for the benefit of certain employees of Deloitte LLP (hereinafter "**Deloitte**"). In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **MetLife Claim No. 732010300996**.

3. Venue is proper in the Middle District of Tennessee, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

4. Ms. Watkins lives in Hendersonville, Tennessee, and a substantial part of the events, transactions, and occurrences material to her claim for disability took place within the Middle District of Tennessee.

5. At all times relevant hereto, Ms. Watkins was an "employee" of Deloitte, that being her "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). However, due to her established disability, she last worked at Deloitte on or about June 9, 2020.

6. At all times relevant hereto, Deloitte was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At all times relevant hereto, Defendant was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Defendant was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record that Defendant was/is both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits, and thus it is alleged that Defendant has a financial conflict of interest/bias that may impact the standard of review used by the Court.

8. At all times relevant hereto, Defendant MetLife acted as agent for the Plan and for Plan Sponsor/Plan Administrator/Policyholder Deloitte.

9. Under the Plan, Deloitte delegated or assigned to Defendant the claims-fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to her employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

12. The Plan/Policy provides that the disabled or disability "means that, due to Sickness or as a direct result of accidental injury: [the insured is] receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and [the insured is] unable to earn during the Elimination Period and the next 24 months of Sickness or accidental injury, more than 80% of [his/her] Predisability Earnings at [the insured's] own job and after such period, more than 60% of [his/her] Predisability Earnings from any employer in [the insured's] Local Economy at any gainful occupation for which [the insured] is reasonably qualified taking into account [the insured's] training, education and experience."

## STATEMENT OF FACTS

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Ms. Watkins is currently 54 years old, and his date of birth is in October of 1969.

15. Mr. Watkins worked for Deloitte as a Senior Manager.

16. Owing to her established medical disability, as stated, Ms. Watkins' last day of work was on or about June 19, 2020.

17. The medical conditions that form the basis for Plaintiff's disability include, without limitation, the following: spinal fusion (2018); post-laminectomy syndrome; failed placement of spinal cord stimulator; chronic pain affecting neck, back (low back), lower leg(s); loss of arm strength; rheumatoid arthritis; lack of focus and concentration. As a result, Ms. Watkins cannot sit or stand for any length of time.

18. After she could no longer perform her work for Deloitte, and based on her employment there, Ms. Watkins was eligible and applied for short-term disability ("STD") benefits through her employer, Deloitte. STD benefits were awarded for the maximum term under the pertinent Plan/Policy, approximately June 22, 2020 through December 18, 2020.

19. After that, her medical condition not having improved, Ms. Watkins was eligible and applied for LTD benefits through MetLife. MetLife initially approved Ms. Watkins' claim for LTD benefits and paid such benefits from approximately December 21, 2020 through July 20, 2022.

20. Ms. Watkins was notified that MetLife would no longer be paying these benefits via letter dated July 20, 2022.

21. Despite due appeal(s) by or on behalf of Plaintiff, MetLife has continued to deny LTD benefits. The final denial letter was dated November 14, 2023.

22. Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

23. Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were condition(s) precedent to recovering benefits under the Plan/Policy for the losses claimed herein.

24. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, her claim was and has continued to be amply supported by her treating medical providers, who have confirmed her continuing inability to work.

25. Also, Ms. Watkins has been found to qualify for Social Security disability (SSD) benefits by the Social Security Administration. This independent, freestanding determination by the federal government is part of the Administrative Record here, and it is persuasive evidence of disability in this case. Reference, SSDI Notice of Award dated 1/2/2023 and Notice of (ALJ) Decision–Fully Favorable dated 11/17/2022; it should be noted that the onset date for SSDI purposes (6/19/2020) corresponds Plaintiff's last day worked for purposes of the MetLife Policy.

26. Under any ERISA standard of review that may apply, the position taken by MetLife in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The review, analysis, and decision by MetLife were wrong, as well as arbitrary and capricious, under the circumstances presented.[1]

27. Further, MetLife's denial of benefits here must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

28. Plaintiff is entitled to past due LTD benefits, as well as any other companion

---

[1] Beyond this, Plaintiff respectfully reserves all points and arguments regarding the standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

5

benefits that were provided under the Plan/Policy during the pertinent time frame. Further, she is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same. This specifically includes, without limitation, benefits once the Plan/Policy definition of Disabled/Disability changed to an "Any Gainful Occupation" definition (*which occurred, without more, as of December, 2022).

29. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, she alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

30. Plaintiff realleges and reavers paragraphs 1 through 29 of the Complaint, incorporating them by reference herein as if specifically restated.

31. Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq*., in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendant;

declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which she was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[2] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof; this specifically includes, without limitation, benefits once the Plan/Policy definition of Disabled/Disability had changed to an "Any Gainful Occupation" definition (*which occurred, without more, as of December, 2022).

    B.    That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff all LTD benefits to which she is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as she otherwise continues to meet all applicable terms and conditions of the Plan/Policy; this specifically includes, without limitation, benefits once the Plan/Policy definition of Disabled/Disability changed to an "Any Gainful Occupation" definition (*which occurred, without more, as of December, 2022).

    C.    That the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

    D.    That the Plaintiff recover any and all other, different or additional damages,

---

[2] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

expenses, costs and relief (legal, equitable, declaratory or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; and any provision for continued payments/contributions to employer-sponsored pension or retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[3] and post-judgment interest[4] on all amounts awarded or to be awarded;

  E. That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that the Defendant or its designee render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that her benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

  F. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

  G. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise to amend/supplement this lawsuit and the Prayer for Relief based on additional fact/circumstances not now reasonably apparent, or to be revealed in discovery conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

---

[3] *See, Curtis v. Hartford Life & Accident Ins. Co*., 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[4] *See*, 28 U.S.C. § 1961.

Dated this 20[h] day of December, 2023.

                                      **CODY ALLISON & ASSOCIATES, PLLC**

                                      /s/ *Samuel D. Payne*
                                      K. Cody Allison, BPR No. 020623
                                      Samuel D. Payne, BPR No. 019211
                                      Andrew M. Hickman, BPR No. 037331
                                      Cavalier Building
                                      95 White Bridge Road, Ste. #250
                                      Nashville, TN 37205
                                      Telephone: (615) 234-6000
                                      Fax: (615) 727-0175
                                      cody@codyallison.com
                                      sam@codyallison.com
                                      drew@codyallison.com

9

Case 3:23-cv-01348   Document 1   Filed 12/20/23   Page 9 of 9 PageID #: 9